JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0315 AG (JPRx) | Date | April 5, 2013 |
|---|---|---|---|
| Title | RICHARD M. PEREZ, et al. v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

For the past several years, this Court has been flooded with foreclosure-related cases removed from California State Courts by lenders in what seems to be a routine strategy. These removals sometimes raise challenging issues of federal jurisdiction involving the citizenship of the parties, the amount involved, and the existence of a federal question. Of course, they also deny California state courts the opportunity to interpret California law relating to foreclosure. The pressing importance these days of foreclosure law is reflected in the recent comprehensive statutory scheme passed by the California Legislature entitled the California Homeowner Bill of Rights, Cal. Civ. Code §§ 2920.5 *et seq.*

As defendant lenders routinely remove cases, plaintiff borrowers, unfortunately, routinely fail to adequately prosecute and support the complaints they originally filed in state court. All this makes it important but difficult for this Court to properly defend federal jurisdiction.

The pending case rather uniquely highlights these concerns. Unlike many foreclosure-related cases, this case does not involve a claim under a federal statute, such as the federal

JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0315 AG (JPRx) | Date | April 5, 2013 |
|---|---|---|---|
| Title | RICHARD M. PEREZ, et al. v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

Truth-In-Lending Act. Still, Wells Fargo Bank, N.A., ("Wells Fargo Bank"), *who is not named in the complaint,* uses an unsupported theory to claim there is a federal question. Wells Fargo Bank also stretches to claim diversity jurisdiction by boldly declaring an unnamed entity as the defendant, and then providing a very lengthy and largely unconvincing analysis about why that *unnamed* entity is diverse from Plaintiffs. The Court is also unconvinced by Wells Fargo Bank's arguments concerning the amount in controversy.

After reviewing what are largely Wells Fargo Bank's boilerplate removal papers, this Court finds that Wells Fargo Bank has not sufficiently established federal jurisdiction, failing in its efforts which would deny California state courts the opportunity to interpret and apply California real property secured transaction law.

## LEGAL STANDARD

"Federal courts 'jealously' guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)).

Removal to federal court is governed by 28 U.S.C. § 1441. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Remand may be ordered for lack of subject matter jurisdiction in the state complaint or any defect in the removal procedure. 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0315 AG (JPRx) | Date | April 5, 2013 |
|---|---|---|---|
| Title | RICHARD M. PEREZ, et al. v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

## ANALYSIS

**1.   WELLS FARGO BANK HAS NOT ESTABLISHED DIVERSITY JURISDICTION**

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Court here focuses on diversity, although it is also not convinced that the $75,000 requirement is met.

Wells Fargo Bank boldly proclaims that it has been "erroneously sued as 'Wells Fargo Home Mortgage, Inc.'" (Notice of Removal, Dkt. No. 1, at 1.)  Wells Fargo Bank then spends nearly 20 pages explaining why diversity would exist in a case involving Wells Fargo Bank.  The Court is not convinced by this analysis.  But more importantly, the Court finds it improper for Wells Fargo Bank to claim itself to be the correct defendant.

The Court understands the practice of restating the name of a party where there seems to be a typographical error or a slight variation in the title, such as replacing the word "corporation" with "company."  But changing Wells Fargo Home Mortgage, Inc., to Wells Fargo Bank, N.A., is not such a situation.  *The named entity actually exists*, and there is not an obvious typographical error such as misplacing the word "corporation" with the word "company."  The boldness of this change by Wells Fargo Bank reveals the recklessness of this removal and runs counter to the Court's duty to determine "the propriety of removal . . . solely on the basis of the pleadings filed in state court." *Williams*, 471 F.3d at 976.

**2.   WELLS FARGO BANK HAS NOT ESTABLISHED FEDERAL QUESTION JURISDICTION**

Wells Fargo Bank is equally bold in its federal question analysis.  As noted, Plaintiffs

JS - 6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0315 AG (JPRx) | Date | April 5, 2013 |
|---|---|---|---|
| Title | RICHARD M. PEREZ, et al. v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

have not included a federal claim for relief, which over the past several years has been the quickest ticket to federal court on removal. So what does Wells Fargo Bank do? It finds that paragraph 95 of the Complaint alleges that the defendant's civil fraud is also criminal wire fraud under federal statutes and then seeks to allege a cause of action under state statutes such as Business & Professions Code Section 17200. Regardless of the merits of Plaintiffs' theory, it cannot create federal jurisdiction. If it did, nearly every state *civil* fraud complaint could support federal jurisdiction by references to federal *criminal* wire fraud statutes. Wells Fargo Bank provides no authority for this proposition, which could result in vast arrays of state civil fraud cases breaking down the doors of federal courts. This Court will not accept Wells Fargo Bank's invitation to boldly go where no court has gone before.

## 3.     CONCLUSION

This Court might more fully review other aspects of Wells Fargo Bank's arguments. For example, on the question of diversity, it might explore the implications of the United States Supreme Court decision in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Or it might question whether the $75,000 diversity threshold is met under California real property secured transactions law where the lender's remedies are often limited to the value of the real property and where the amount involved might more accurately be the present value of the future rental stream, appropriately discounted to reflect the volatile uncertainty of today's real estate market. But here, the Court need not do such an analysis because of the unsupported bold assertions of Wells Fargo Bank. In the complaint *as removed*, Wells Fargo Bank is not a party and no federal question is raised. This Court will not further delay the efforts of California residents to seek relief in California courts under laws and statutes largely designed to protect such California residents.

## **DISPOSITION**

The Court REMANDS this case to the appropriate state court.

JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0315 AG (JPRx) | Date | April 5, 2013 |
|---|---|---|---|
| Title | RICHARD M. PEREZ, et al. v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

| | | : | 0 |
|---|---|---|---|
| | Initials of Preparer | | lmb |